PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


KERMIT BRIAN HARRIS, aka )
Brian Keith Harris, ) CASE NO. 5:20CV2156
 )
Petitioner, )
 ) JUDGE BENITA Y. PEARSON
v. )
 )
LASHANN EPPINGER, WARDEN, ) **MEMORANDUM OPINION**
 ) **AND ORDER**
Respondent. )


## I.  Background

*Pro se* Petitioner Kermit Brian Harris, a.k.a. Brian Keith Harris, an Ohio inmate currently

at the Trumbull Correctional Camp, filed the above-captioned Petition for a Writ of Habeas

Corpus under 28 U.S.C. § 2254.  ECF No. 1.  Petitioner contends the Ohio Adult Parole

Authority denied him due process and subjected him to double jeopardy by imposing a term of

post release control on an old conviction for which the sentence was fully served.  He seeks

release from this conviction with no further restraint on his liberty.

Petitioner was convicted in Summit County on charges of aggravated robbery, burglary,

and receiving stolen property.  He was sentenced on January 31, 1989 to seven to fifteen years in

prison.  He was paroled in 1993.  He contends he had served seven years of his sentence at that

point.  ECF No. 1 at PageID #: 5.  He was arrested in December 1996 in Cuyahoga County.  He

was convicted in 1997 on charges of aggravated robbery with firearm specifications, receiving

stolen property, attempted murder with firearm and peace officer specifications, and felonious

(5:20CV2156)

assault with firearm and peace officer specifications.  *State v. Harris*, No. 72687, 1998 WL 323616, at *5 (Ohio 8th Dist. Ct. App. June 18, 1998).  The trial court sentenced Petitioner to an aggregate term of twenty-four years of imprisonment.  *Id.*  He indicates the Ohio Adult Parole Authority placed a parole detainer on him but did not conduct a parole revocation hearing.  ECF No. 1 at PageID #: 5.

Petitioner indicates his sentence on the case from Summit County was fully served in 2004.  ECF No. 1 at PageID #: 5.  He alleges he had no communication with the Ohio Adult Parole Authority regarding this sentence after that time, so he assumed they also considered his sentence to have been served.  He indicates he is now within a few months of completing the prison portion of his sentence from the 1997 Cuyahoga County case.  He received a notice of post release control from the Ohio Adult Parole Authority indicating he would be required to serve 5 years of post release control.  *Id.*  The notice indicated that a violation of the terms of supervised release could result in Petitioner returning to prison for up to half of his prison sentence.  They, however, listed Petitioner's sentence as "3.00 GUN + 22.00 TERM + 7.00-15.00."  ECF No. 4-5.  Petitioner asserts the Ohio Adult Parole Authority has incorrectly included his 1989 sentence that he already fully served and for which post release control was not imposed.  Under this calculation, he could be returned to prison for a much longer period of time if he should violate the terms of his supervised release.

Petitioner asserts two grounds for relief.  First, he contends he is a member of the *Kellogg*

2

(5:20CV2156)

class and is entitled to a parole revocation hearing that comports with due process.[1]  ECF No. 1 at

PageID #: 5-6.  He alleges that the Ohio Adult Parole Authority served his warden with a parole

detainer but has never executed the parole violator warrant.  He indicates he was notified in 2004

that he was part of the *Kellogg* class of prisoners who were entitled to a parole revocation hearing

even though they were convicted of a subsequent offense.  He believes he completed his sentence

in 2004 but never received a revocation hearing.  Second, Petitioner contends the Ohio Adult

Parole Authority is subjecting him to double jeopardy by adding post release control to an old

sentence which has already been fully served and which did not contain a provision for post

release control.  ECF No. 1 at PageID #: 8.  He asks this Court to order his final release from his

1989 conviction.

## II.  Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended

28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to habeas corpus petitions

filed after that effective date.  *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v.*

*Garceau*, 538 U.S. 202, 210 (2003).  AEDPA was enacted "to reduce delays in the execution of

state and federal criminal sentences, and 'to further the principles of comity, finality, and

federalism.'"  *Woodford*, 538 U.S. at 206 (quoting *Williams v. Taylor*, 529 U.S. 362, 436

(2000)).  Consistent with this goal, when reviewing an application for a writ of habeas corpus by

a person in custody pursuant to the judgment of a State court, a determination of a factual issue

---

[1]     *Kellogg v. Shoemaker*, 46 F.3d 503, 505-06 (6th Cir. 1995).

(5:20CV2156)

made by a State court shall be presumed to be correct. *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774-76 (6th Cir. 2008). A petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d at 774 -76.

### III. Procedural Barriers to Habeas Review

Before a federal court will review the merits of a Petition for a Writ of Habeas Corpus, a Petitioner must overcome several procedural hurdles. Specifically, the Petitioner must surmount the barriers of exhaustion, procedural default, and time limitation.

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a Petition for a Writ of Habeas Corpus. 28 U.S.C. § 2254(b)-(c); *see Baldwin v. Reese*, 541 U.S. 27 (2004). Exhaustion is fulfilled once a state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

To be properly exhausted, each claim must have been "fairly presented" to the state courts. *See e.g. Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343

(5:20CV2156)

F.3d 780, 797 (6th Cir. 2003).  Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim.  *Wagner*, 581 F.3d at 414.

In determining whether a Petitioner "fairly presented" a federal constitutional claim to the state courts, courts should consider whether the Petitioner (1) phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; (2) relied upon federal cases employing the constitutional analysis in question; (3) relied upon state cases employing the federal constitutional analysis in question; or (4) alleged facts well within the mainstream of the pertinent constitutional law.  *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).

For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law.  *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984).  Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court.  *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998).  It cannot rest on a legal theory which is separate and distinct from the one previously considered and rejected in state court.  *Id.*  This does not mean that the applicant must recite "chapter and verse" of constitutional law, but the applicant is required to make a specific showing of the alleged claim.  *Wagner,* 581 F.3d at 414.

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address because a petitioner did not comply with a state procedural requirement.  *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  In these cases, the state judgment is not based on a resolution of federal constitutional law, but instead "rests on independent and adequate state

(5:20CV2156)

procedural grounds." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). When the last explained

state court decision rests upon procedural default as an "alternative ground," a federal district

court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d

264, 265 (6th Cir. 1991).

A claim that is procedurally defaulted in state court will not be reviewed by a federal

habeas court unless a petitioner can demonstrate cause for the default and actual prejudice as a

result of the alleged violation of federal law, or can demonstrate that failure to consider the claim

will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a

legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged

constitutional violation. *See Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984). If a

petitioner fails to show cause for his procedural default, the Court need not address the issue of

prejudice. *See Smith v. Murray*, 477 U.S. 527 (1986).

Finally, petitions filed under § 2254 are subject to a one-year statute of limitations. That

limitations period begins to run on the date on which the judgment became final by the

conclusion of direct review or on the date that the time for seeking such review expired,

whichever later occurs. 28 U.S.C. § 2244(d)(1). The period is tolled during the time that a

properly filed application for state post-conviction or other collateral review with respect to the

pertinent judgment or claim is pending. 28 U.S.C. § 2244(d)(2). A petition filed after the

expiration of the statute of limitations cannot be considered by a federal court.

Simply stated, a federal court may review only federal claims that were presented to it in

a timely manner and which were evaluated on the merits by a state court. Claims that were not

6

(5:20CV2156)

so evaluated, either because they were never presented to the state courts (*i.e.*, exhausted) or

because they were not properly presented to the state courts (*i.e.*, were procedurally defaulted),

and those filed outside of the one-year limitations period, are generally not cognizable on federal

habeas review.

## IV.  Analysis

The landscape of supervised release in Ohio has changed substantially in the past thirty

years.  Prior to 1996, prisoners largely received indefinite sentences.  *Mubashshir v. Bradshaw,*

*525 F. App'x 346, 347 (6th Cir. 2013)*.  The first part of the indefinite sentence signified the

minimum time the inmate must serve before being considered for conditional release.  The

second part of the indefinite sentence was the maximum term of the sentence.  *Bailum v. Warden,*

*Lebanon Corr. Inst.*, 832 F. Supp. 2d 893, 902 n.3 (S.D. Ohio 2011) (citations and quotation

marks omitted).  A prisoner conditionally released prior to the expiration of his maximum

sentence was granted parole.  Parole was not part of the sentence, and an inmate who violated the

conditions of release could be returned to prison up to the conclusion of his maximum sentence.

An inmate did not have a constitutional right to parole, but once it was granted, he had a right

protected by the Due Process Clause to have a hearing prior to parole revocation.

A parolee convicted of a subsequent crime in Ohio, while on parole, was conclusively

presumed to be in violation of his parole.  He, however, was entitled to a hearing to present any

relevant mitigating circumstances.  In September 1992, the state repealed the old regulations and

abolished any type of mitigating hearing for a parolee convicted of an offense he committed

7

(5:20CV2156)

while on release under Ohio Adult Parole Authority supervision.  Those parolees were subject to

automatic parole revocation.  *See* OHIO ADMIN. CODE § 5120:1-1-21(A).   A class action lawsuit

ensued claiming *ex post facto* violations with respect to prisoners who committed their crimes

prior to the implementation of the new regulations but who were paroled after the new

regulations took effect.  *Kellogg*, 46 F.3d at 505-06.  The United States Sixth Circuit Court of

Appeals agreed and allowed inmates in this class to receive a hearing prior to revocation of their

parole. *Id.*

   Petitioner's conviction in 1989 and parole in 1993 placed him in the *Kellogg* class.  He

violated the terms of his parole and was returned to custody in 1996.  Because he was already in

custody for this second conviction, the Ohio Adult Parole Authority issued a parole detainer but,

according to petitioner, did not serve him with a parole violator warrant, which would have

triggered his right to a hearing.  ECF No. 1 at PageID #: 5.  Petitioner contends his maximum

sentence for his 1989 conviction expired while he was in custody for the 1997 conviction.  He

claims he never got his *Kellogg* hearing.

   It is not clear from the Petition what legal claim Petitioner is attempting to assert with

respect to this assertion.  If his calculations are correct, granting him a hearing after his sentence

was completely served will be moot.  Moreover, Petitioner had not yet received a hearing by

2004, the date he calculated his sentence was fully served.  Yet, he did not raise a claim

pertaining to his *Kellogg* hearing in the state courts, meaning that the claim is unexhausted.  The

Court is uncertain whether Petitioner still has a remedy in state court with respect to his hearing,

or whether this claim will be deemed to be time-barred by the state.

(5:20CV2156)

Petitioner's second ground for relief focuses on the difference between parole and post

release control.  After 1996, inmates in Ohio convicted of certain classified felonies became

subject under Ohio Rev. Code § 2967.28 to post release control.  With few exceptions, inmates

now are given definite prison sentences, which they must serve in their entirety, and a sentence of

a term of post release control.  *See State v. Clark*, 119 Ohio St.3d 239, 246 (2008).  Prisoners

who violate the conditions of post release control may receive additional punishment, such as a

longer period of control, more restrictions during the control period, or a second prison term of

up to nine months per violation, subject to a cumulative maximum of one-half of the original

stated prison term.  *Id.*  Petitioner's conviction in 1997 falls under these regulations.  In addition

to prison, he was sentenced to a five-year term of post release control.

Petitioner's second ground for relief also raises objections to the Ohio Adult Parole

Authority's inclusion of his indefinite sentence imposed in 1989 with the definite sentence

imposed in 1997 for purposes of determining how long he could be returned to prison for a

violation of post release control.  He contends the addition of post release control to a sentence

for which post release control was not imposed and for which the maximum sentence has already

been served amounts to double jeopardy.

He also has not presented this claim to the state courts.  As he would have had no reason

to know the  Ohio Adult Parole Authority was attempting to include it in his post release control

until he received notice in August 2020, he could not have raised it earlier.  Although not

guaranteed, he still has potential remedies in mandamus or Ohio habeas corpus available to him

in state court.  This Court does not conclude that return to state court to exhaust his state court

(5:20CV2156)

remedies would be inherently futile.

## IV.  Conclusion

Accordingly, this action is dismissed without prejudice pursuant to 28 U.S.C. § 2243.

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision

could not be taken in good faith.


IT IS SO ORDERED.


 March 31, 2021                                    */s/ Benita Y. Pearson*
Date                                               Benita Y. Pearson
                                                   United States District Judge